No. 2-10-0189          Filed: 12-17-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KEVIN BLAZYK, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 09--L--883 |
| | ) | |
| DAMAN EXPRESS, INC., and DEX | ) | |
| LOGISTICS, INC., | ) | Honorable |
| | ) | Paul Noland, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the opinion of the court:

Kevin Blazyk is the plaintiff in a breach-of-contract action; Daman Express, Inc., and Dex Logistics, Inc., are the defendants. Blazyk sought and received a default judgment against the two, but, on their petition, the court later granted relief from the judgment--relief that could have been available only under section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2008)). Blazyk has appealed and now argues that the petition was inadequate to state a claim for relief under section 2--1401. Because the petition was simply a generic description of the elements of a section 2--1401 claim and lacked any allegations of facts, we agree that it was inadequate. The procedure that the court followed in granting the petition was also improper. We therefore reverse the grant of relief and remand the cause.

Blazyk filed his complaint on July 15, 2009. As of December 8, 2009, neither Daman nor Dex had appeared, and the court entered a default judgment against them.

On January 20, 2010, 43 days later, the two defendants jointly filed what they called a "Motion to Vacate Default Judgment." It is a brief document; we quote all but the caption, the conventional first paragraph, and the attorney information at the end:

"1. Defendant's [sic] counsel was [sic] retained until January 11, 2010.

2. The Defendant has a meritorious defense.

3. Defendant has been diligent in bringing this motion.

6. [sic] That defendant's counsel's failure to appear was not intentional nor intended to disregard the authority of this tribunal.

7. In the interest of justice this default judgment must be vacated and the matter reinstated.

WHEREFORE, plaintiff [sic] prays that this court will enter an order setting aside and vacating any default judgments and allowing for the Defendant's counsel to file an appearance instanter and for such further relief as the court deems necessary."

The "Notice of Motion" (which did not state how or when defense counsel served the paper on Blazyk) set a hearing for January 25, 2010. On January 27, 2010, the court heard briefly from counsel and granted relief forthwith:

"THE COURT: You are moving to vacate the default and appear and file a response of plea [sic]?

[DEFENSE COUNSEL]: Right.

THE COURT: You don't have a problem, do you?

[BLAZYK'S COUNSEL]: Well, it's beyond 30 days, your Honor, so I do have a problem. We served them in July. We continued the case until October. We set it for December. I gave them written notice of the default in December.

THE COURT: Okay. What do you think I should do? Should I tie them up to a post and whip them?

[BLAZYK'S COUNSEL]: I think they have defaulted. They have ignored me since May so--

THE COURT: Well, I--you know, I'm sorry that there's been a delay, but I think it would be abuse of discretion if I don't grant their motion, counsel.

[BLAZYK'S COUNSEL]: Okay. It's beyond 30 days, do you understand?

THE COURT: I understand.

[BLAZYK'S COUNSEL]: Okay.

[DEFENSE COUNSEL]: Thank you, your Honor.

THE COURT: Okay. You've had your bite at the apple though. Make sure we don't have further delay.

[DEFENSE COUNSEL]: Thank you."

Blazyk moved for reconsideration, arguing that the "Motion" was inadequate as a petition for relief from judgment under section 2--1401. The court denied this motion at a hearing similar in style and brevity to the one transcribed above. This appeal followed.

Blazyk now argues the inadequacy of the "Motion" (properly, a "petition"), but also urges that the principle holding that courts favor the finality of judgments requires us to bar Daman and Dex from amending on remand: he effectively asks us to dismiss it with prejudice. The petition was

patently inadequate, and the court's granting of it was the product of an error tied to its failure to recognize that a claim under section 2--1401 is a cause of action, with procedural and pleading requirements to match. However, Blazyk falls into a related error when he fails to recognize that Daman and Dex have the same opportunity to amend as they would with a faulty complaint. We must reverse the court's grant of section 2--1401 relief, but we cannot dispose of the matter entirely.

Our overall review is for an abuse of discretion. However, the core issue is the sufficiency of Daman and Dex's petition, which we address as a matter of law. This court held, in Rockford Financial Systems, Inc. v. Borgetti, 403 Ill. App. 3d 321, 324-28 (2010), that the grant of a standard section 2--1401 petition (one not based on a voidness claim) must generally be reviewed for an abuse of discretion. In that decision, we acknowledged problematic language in People v. Vincent, 226 Ill. 2d 1, 15-18 (2007), that could be read as requiring de novo review of any section 2--1401 judgment not involving an evidentiary hearing, but we concluded that the decision does not apply to a grant of relief where the petitioner's diligence is at issue, an issue that necessarily requires an application of the court's discretion. Borgetti, 403 Ill. App. 3d at 324-26. However, we held that the question of whether the petitioner has alleged a meritorious defense is subject to de novo review. Borgetti, 403 Ill. App. 3d at 327. That issue is one part of the question of whether the petition is sufficient.

Because remand is necessary here, we will discuss the principles applicable to a section 2--1401 action at the level dictated by the errors that occurred. We start by reviewing the principles associated with section 2--1401, with procedural principles first, followed by substantive principles, and then the principles of pleading. We end by discussing the status of the petition given our reversal of the court's grant of relief.

The court seemed unimpressed by Blasyk's counsel's reminder that Daman and Dex filed their "Motion" more than 30 days after the judgment. However, procedurally, that was the critical fact. For 30 days, a trial court retains jurisdiction over a matter after it has entered a final judgment.[1] John G. Phillips & Associates v. Brown, 197 Ill. 2d 337, 343 (2001). That is, it loses jurisdiction at the end of 30 days, so that, after 30 days, nothing is pending in the court.

It is only while a case is pending and the court has jurisdiction that a party can seek modification of a judgment through a motion. This is partly a matter of definition; a "motion" is defined as "an application to the court for a ruling or an order in a pending case." In re Marriage of Wolff, 355 Ill. App. 3d 403, 407 (2005).

Once jurisdiction has lapsed, section 2--1401 provides a means (in civil cases, generally the sole means) to reopen the judgment. E.g., People v. Helgesen, 347 Ill. App. 3d 672, 676 (2004). Filing a section 2--1401 petition begins a new proceeding (735 ILCS 5/2--1401(b) (West 2008); Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 102 (2002)) in which the petition is the initial pleading.

As an initial pleading, a section 2--1401 petition is procedurally the counterpart of a complaint and subject to all the rules of civil practice that that character implies. Vincent, 226 Ill. 2d at 15. The standard pattern begins with a service requirement--the petitioner establishes personal jurisdiction over the respondent as specified in Supreme Court Rules 105 and 106 (134 Ill. 2d Rs. 105, 106).

---

[1] A court retains limited jurisdiction to enforce a judgment after the 30 days have passed. E.g., Director of Insurance v. A&A Midwest Rebuilders, Inc., 383 Ill. App. 3d 721, 723 (2008). That limited jurisdiction is not what we are speaking of when we say that a court has jurisdiction over a matter.

Keener v. City of Herrin, 235 Ill. 2d 338, 349 (2009). (Blazyk did not challenge the propriety of service, thus waiving or forfeiting any objection to personal jurisdiction.) From the petition's character as an initial pleading, it follows that the respondent may answer or move to dismiss the petition either under section 2--615 of the Code (735 ILCS 5/2--615 (West 2008)) for failure to state a claim or under section 2--619 of the Code (735 ILCS 5/2--619 (West 2008)) based on an affirmative defense, such as untimeliness. That the adverse party can move to dismiss makes a petition unlike a motion: when acting on a motion, a court can only grant, deny, or, if warranted, strike. Further proceedings are also similar to those on a standard complaint; they may, however, be somewhat simplified.[2] In any event, as with other initial pleadings, barring a default (see 735 ILCS 5/2--1301(d) (West 2008)), no recognized mode of civil practice provides for the grant of a section 2--1401 petition when the only paper filed has been the petition.

As this discussion shows, the procedures followed by the trial court were in error. We note that, as a result of the court's peremptory proceeding, Blazyk did not have the normal opportunity to file a motion to dismiss, thereby also precluding any attempt by Daman and Dex to amend their petition in response. Additionally, consideration was not given to what a section 2--1401 petition must show:

> "Relief under section 2--1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." Vincent, 226 Ill. 2d at 7-8.

---

[2]A more detailed description of the appropriate procedures appears in Ostendorf v. International Harvester Co., 89 Ill. 2d 273, 285-86 (1982).

Further reflection on the proceedings in the trial court forces the recognition that Daman and Dex here established nothing; they presented no evidence and the court gave Blazyk no time to admit anything. Notable among the things they failed to prove was the existence of a meritorious defense, making relief improper as a matter of law.

Moreover, Daman and Dex also failed to <u>plead</u> anything: not diligence and certainly not a meritorious defense. An initial pleading must allege specific facts that support each element of the cause of action; conclusions of law or allegations unsupported by specific facts cannot be considered in deciding the pleading's sufficiency. <u>E.g.</u>, <u>Callaghan v. Village of Clarendon Hills</u>, 401 Ill. App. 3d 287, 300 (2010). Daman and Dex's pleading was maximally conclusory, as it simply restated the elements of a section 2--1401 claim. Furthermore, section 2--1401 contains the additional requirement that "[t]he petition must be supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2--1401(b) (West 2008). Daman and Dex failed to provide any documents to support their claim. A petition that lacks a proper allegation of a meritorious defense and proper supporting matter is insufficient as a matter of law.

Having concluded that the court erred in granting section 2–1401 relief, we must decide the resulting status of the petition. We conclude that the petition must be dismissed but that only the trial court can decide whether Daman and Dex should be allowed to amend it.

Blazyk asks that we not merely reverse the trial court's grant of section 2--1401 relief but deny Daman and Dex "any additional chances to vacate the judgment." This request fails to treat the petition as an initial pleading. In support of his request to deny Daman and Dex another chance, Blazyk cites decisions that have held that, in the interest of finality, a party should not be allowed to

file multiple postjudgment motions or section 2--1401 petitions.[3] Those cases are inapposite, as they concern the filing of successive motions or petitions. We have noted that the only dispositions a court can make of a motion are to grant it, deny it, or strike it, but that a court can dismiss a pleading. Blazyk has successfully argued that the petition failed to state a claim. Had the court not granted the petition, Blazyk would have had the chance to make this argument in a section 2--615 motion, rather than being forced to raise it later in a motion to reconsider. Such a section 2–615 motion would have resulted in the dismissal of the petition. That dismissal might have been with or without prejudice.

Were we to grant a dismissal pursuant to Blazyk's prayer for relief we would enter only a dismissal without prejudice. Under Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we can enter any order that ought to have been entered. Having held that the petition is insufficient, efficiency requires a dismissal order as if on a section 2--615 motion. As to whether to dismiss with prejudice, we follow the rule that an initial pleading should be dismissed with prejudice under section 2--615 only if it is clearly apparent that no set of facts can be proven that will entitle the plaintiff to recover. Illinois Graphics Co. v. Nickum, 159 Ill. 2d 469, 488 (1994). Given the peremptory procedure in the trial court, we have no basis to say that it is clear that Daman and Dex cannot state a claim for section 2--1401 relief. Further, the decision to deny leave to amend is within the sound

---

[3]One of the decisions on which Blazyk relies is Village of Glenview v. Buschelman, 296 Ill. App. 3d 35 (1998), a case that this court rejected in People v. Walker, 395 Ill. App. 3d 860, 867-69 (2009). We note that one of the flaws in the Buschelman court's reasoning is that, despite recognizing that a section 2--1401 petition begins a new action, it conflated section 2--1401 petitions with postjudgment motions. See Buschelman, 296 Ill. App. 3d at 39-40.

discretion of the trial court.  Cantrell v. Wendling, 249 Ill. App. 3d 1093, 1095 (1993); see also Clemons v. Mechanical Devices Co., 202 Ill. 2d 344, 351 (2002).  Neither we nor the trial court has any basis to decide what the circumstances would have been had Daman and Dex faced the need to seek leave to amend, so to effectively deny such leave is premature.  On remand, to avoid the matter falling into a limbo, the trial court must set a deadline for Daman and Dex to seek leave to amend their petition.

For the reasons stated, we reverse the grant of section 2--1401 relief to Daman and Dex and remand the matter for proper proceedings under section 2--1401.

Reversed and remanded with directions.

McLAREN and HUTCHINSON, JJ., concur.