# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Department of Healthcare & Family Services ex rel. Daniels v. Beamon*,
**2012 IL App (1st) 110541**

---

| | |
|---|---|
| Appellate Court Caption | THE DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES *ex rel.* TOSCA DANIELS, Petitioner-Appellant, v. RANDELL BEAMON, Respondent-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-0541 |
| Filed | March 30, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from an order for permanent child support and the denial of a petition for modification of that order, the appellate court dismissed petitioner's appeal from the order as untimely, since the notice of appeal was filed more than 30 days after the order was entered, despite the fact that the trial court reserved the issue of respondent's liability for retroactive support, and further, although the trial court properly dismissed the petition for modification of the support order pursuant to section 2-615 of the Code of Civil Procedure based on the failure to state a cause of action under either section 510(a)(1) or 510(a)(2)(A) of the Illinois Marriage and Dissolution of Marriage Act, the cause was remanded with directions to grant petitioner leave to amend her petition in a reasonable time. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-D-54755; the Hon. Fe Fernandez, Judge, presiding. |

| Judgment | Affirmed and remanded with directions. |
|---|---|
| Counsel on Appeal | Edward X. Clinton, Jr., and Edward X. Clinton, both of Law Offices of Edward X. Clinton, of Chicago, for appellant. |
| | No brief filed for appellee. |
| Panel | JUSTICE PALMER delivered the judgment of the court, with opinion. Justices Garcia and Lampkin concurred in the judgment and opinion. |

**OPINION**

¶ 1    Petitioner Tosca Daniels appeals from an order of the circuit court of Cook County striking her "Verified Petition for Modification in Child Support" (verified petition for modification) pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)), and from a permanent order for child support entered on July 9, 2010. On appeal, petitioner essentially contends that the circuit court entered a permanent award for child support which improperly deviated from the guidelines set by section 505 of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/505(a)(1) (West 2010)), and then erred in striking her verified petition for modification of that order. Respondent Randell Beamon has not filed a brief in response; however, we may consider the issues raised under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 2    The common law record filed in this case shows that petitioner initiated paternity actions against respondent, alleging that he was the father of her minor children R.B. and A.B., and that respondent later answered that he fathered A.B. The paternity actions were consolidated, and on April 27, 2010, the circuit court entered an order of parentage adjudicating respondent the natural and biological father of A.B. The record does not contain an order of parentage with respect to R.B. On the same date, the court also entered a temporary order for child support awarding monthly support payments of $300 for R.B. and A.B. In that order, the court noted that respondent's net income was "undetermined" and ordered him to bring his 2010 pay stubs and 2009 tax return on the next court date. The court then continued the case for "permanent support/medical."

¶ 3    On July 9, 2010, the court entered a permanent order for child support which, by agreement, awarded bimonthly support payments of $375 for R.B. and A.B. The record is silent regarding how the parties agreed on this amount of support. In the support order, the court noted again that respondent's net income was "undetermined," that it was reserving the issue of retroactive child support, and that the case was "off call."

¶ 4 On August 31, 2010, petitioner filed a verified petition for modification seeking an increase in respondent's child support obligation. Petitioner alleged that respondent was earning approximately $72,000 per year and that the amount awarded by the court in the permanent order for child support was less than 20% of respondent's monthly income. Petitioner requested that the award be "substantially increased" to require monthly payments of $2,000.

¶ 5 On December 3, 2010, respondent filed a section 2-615 "Motion to Strike" the verified petition for modification on the basis that it was "substantially insufficient in law." Respondent asserted that petitioner failed to allege or present any evidence of a substantial change in circumstances warranting a modification of the child support order under section 510(a)(1) of the Marriage Act (750 ILCS 5/510(a)(1) (West 2010)), and that a modification was not permissible under section 510(a)(2)(A) of the Marriage Act (750 ILCS 5/510(a)(2)(A) (West 2010)) because 36 months had not elapsed since the order was entered.

¶ 6 In her reply to respondent's motion to strike, petitioner attached respondent's 2009 W-2 statement and provided a more detailed analysis of the claimed deviation between the child support payments that had been awarded and respondent's obligation under the guidelines set forth in section 505 of the Marriage Act. Contrary to the initial verified petition for modification, petitioner claimed in her reply to the motion to strike that the appropriate amount of support should be 28% of respondent's monthly income.[1] On February 9, 2011, the court granted respondent's motion to strike the verified petition for modification, noting "[t]he previous permanent, by agreement child support order[ ] entered on July 9, 2010 shall stand." On February 16, 2011, petitioner filed her notice of appeal from the initial order of July 9, 2010, and the subsequent order of February 9, 2011, striking her petition for modification of child support.

¶ 7 Petitioner first contends that the permanent child support order entered by the court on July 9, 2010, was erroneous because the court failed to adhere to the guidelines set forth in section 505 of the Marriage Act and did not explain why the court deviated from the guideline amount. Before addressing the merits of this claim, we must consider, *sua sponte*, our jurisdiction to do so. *Village of Sugar Grove v. Rich*, 347 Ill. App. 3d 689, 693 (2004).

¶ 8 The power of an appellate court to consider the merits of a case attaches only upon compliance with the rules governing appeals. *People v. Flowers*, 208 Ill. 2d 291, 308 (2003). Here, petitioner claimed that she was filing her notice of appeal pursuant to Illinois Supreme Court Rules 301 and 303 (Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008)). These rules pertain to appeals from final judgments and require that petitioner file notice of appeal within 30 days after entry of the final judgment which is the subject of this appeal. Ill.

---

[1]As noted above, the record does not contain an order of parentage for R.B. However, both the temporary and permanent support orders were entered "by agreement" and included coverage for both children. While this court's decision is based on other grounds, this inconsistency between the order of parentage for only one child, the support orders covering two children, and the motion pleadings seeking 20% and then 28% of monthly income must be addressed by the trial court upon remand.

S. Ct. R. 303(a)(1) (eff. May 30, 2008).

¶ 9       In *Deckard v. Joiner*, 44 Ill. 2d 412, 417 (1970), the supreme court determined that a judgment in a paternity action becomes final after the circuit court enters an order of paternity and an order fixing the amount of support the defendant is to pay. The supreme court so found even though the circuit court had retained jurisdiction of the cause to enter new orders for support, maintenance, etc., finding that such issues of support were merely incidental to the other matters. *Deckard*, 44 Ill. 2d at 416-17. In accordance with that decision, this court similarly found that entry of an order of paternity and an order fixing the amount of child support constitutes a final order in a paternity action even where the court reserves collateral matters such as a request for retroactive child support expenses during pregnancy. *Watkins v. Martin*, 115 Ill. App. 3d 417, 419 (1983).

¶ 10      In this case, the circuit court entered an order of parentage on April 27, 2010, and permanently fixed the amount of child support respondent was to pay on July 9, 2010, thereby rendering a final judgment despite reserving the issue of respondent's liability for retroactive support payments. *Watkins*, 115 Ill. App. 3d at 419. Petitioner, however, did not file a notice of appeal seeking review of that permanent child support order until February 16, 2011, seven months after the judgment was entered and thus well outside the prescribed 30-day time limit. Ill. S. Ct. R. 303(a)(1) (eff. May 30, 2008). In addition, we observe that petitioner's filing of a verified petition for modification after the time to appeal had passed did not render the permanent child support order interlocutory. *Deckard*, 44 Ill. 2d at 417. Under these circumstances, we are without jurisdiction to review the permanent child support order of July 9, 2010. *Deckard*, 44 Ill. 2d at 417.

¶ 11      Petitioner next contends that the circuit court erred in dismissing her verified petition for modification. She claims that she demonstrated the requisite inconsistency between the amount of child support ordered by the court and the amount resulting from application of the guidelines set forth in section 505 of the Marriage Act to warrant a modification under section 510(a)(2)(A) of the Marriage Act. Because this claim involves the construction and application of a statute, our review is *de novo*. *Blum v. Koster*, 235 Ill. 2d 21, 44 (2009).

¶ 12      The Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/16 (West 2010)) grants the circuit court continuing jurisdiction to modify a child support order in accordance with section 510 of the Marriage Act. Under section 510(a)(1), the court may modify a child support order upon a showing of a substantial change in circumstances. 750 ILCS 5/510(a)(1) (West 2010). Under section 510(a)(2)(A), the court may modify a child support order upon a showing of an inconsistency of at least 20% between the amount of child support awarded under the existing order and the amount that would result from application of the guidelines set forth in section 505 of the Marriage Act. 750 ILCS 5/510(a)(2)(A) (West 2010). Section 510(a)(2)(A) only applies, however, where a party is receiving child support enforcement services and when at least 36 months have elapsed since the order for child support was entered or last modified. 750 ILCS 5/510(a)(2)(A) (West 2010).

¶ 13      We first note that contrary to petitioner's argument, section 2-615 motions to strike are appropriately utilized in child support proceedings. See *McNellis v. O'Connor*, 266 Ill. App. 3d 1063 (1994). Petitioner has cited no authority, and we have found none, to support her

position that allowing section 2-615 motions to be used in child support proceedings would be "extremely bad public policy." That said, in child support proceedings, as in any case, motions to strike are subject to a specific procedural course of action. See *McNellis v. O'Connor*, 266 Ill. App. 3d 1063, 1068-69 (1994).

¶ 14    In this case, the circuit court entered a permanent, by agreement, child support order on July 9, 2010, awarding bimonthly support payments of $375 for R.B. and A.B. On August 31, 2010, petitioner filed a verified petition for modification, alleging that those child support payments were less than 20% of respondent's monthly income. Petitioner's bare-bones motion, however, failed to allege whether she was proceeding under section 510(a)(1) or section 510(a)(2)(A) of the Marriage Act. Specifically, petitioner did not allege a substantial change in circumstances from the time the permanent support order was entered as required under section 510(a)(1). Petitioner also failed to show that she fell within the ambit of section 510(a)(2)(A) as a party receiving child support enforcement services. Additionally, petitioner's request for modification under that section was clearly premature, having been made less than 2 months after the permanent child support order was entered, rather than after the minimum 36 months required by this provision (750 ILCS 5/510(a)(2)(A) (West 2010)). Petitioner before the trial court, and again on appeal, essentially conflates a section 510(a)(1) and a section 510(a)(2)(A) motion by simply stating that the support order did not follow the guidelines. Petitioner ignores the fact that a petition for modification under section 510(a)(2)(A) relying on the guidelines alone cannot be brought within 36 months of the date of the support order. At the same time, simply claiming a deviation from the guidelines alone is not sufficient to allege a substantial change in circumstances under section 510(a)(1), as to so hold would essentially vitiate the section 510(a)(2)(A) 36-month time limitation. As a result, the court did not err in granting respondent's motion to strike where the petition was clearly insufficient to state a cause of action under either section. However, given respondent's decision to proceed by way of a section 2-615 motion to strike, our analysis cannot end there.

¶ 15    A section 2-615 motion to strike challenges the legal sufficiency of a pleading by alleging defects on the face of the pleading. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). In reviewing the sufficiency of a pleading, we accept as true all well-pled facts and all reasonable inferences that may be drawn from those facts and we construe the allegations in the pleading in the light most favorable to the plaintiff. *Marshall*, 222 Ill. 2d at 429. " '[A] cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated.' " *Cordts v. Chicago Tribune Co.*, 369 Ill. App. 3d 601, 613 (2006) (quoting *Dinn Oil Co. v. Hanover Insurance Co.*, 87 Ill. App. 2d 206, 211-12 (1967)). We review an order granting or denying a section 2-615 motion to strike *de novo*. *Marshall*, 222 Ill. 2d at 429.

¶ 16    Here, although we agree with the court's decision to grant respondent's section 2-615 motion to strike, we do not approve of the procedure that was followed in this case. See *McNellis*, 266 Ill. App. 3d at 1070. We believe that in ruling on respondent's motion to strike, the trial court "should first have addressed the sufficiency of the allegations of the petition, and if they were not sufficient, the petitioner should have been given the opportunity

to correct the insufficiency." *McNellis*, 266 Ill. App. 3d at 1070; *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467 (1992) ("In Illinois, courts are encouraged to freely and liberally allow the amendment of pleadings."). The record before us does not show that petitioner sought leave to amend or that she was afforded the opportunity to do so by the court. See *Cordts*, 369 Ill. App. 3d at 612-13 (had respondent properly challenged the sufficiency of the petition through a section 2-615 motion, petitioner would have been entitled to an opportunity for leave to amend).

¶ 17    In *McNellis*, the petitioner filed a petition seeking to modify a child support agreement. The petitioner alleged that the respondent misrepresented his annual income and that no discovery of the respondent's assets or income was done before the agreement was entered into by the parties. *McNellis*, 266 Ill. App. 3d at 1065. The respondent filed a section 2-615 motion to strike. *McNellis*, 266 Ill. App. 3d at 1065. At a hearing on the motion, the parties briefly recounted to the court how they entered into the support agreement. *McNellis*, 266 Ill. App. 3d at 1066-67. The circuit court granted the respondent's section 2-615 motion to strike and dismissed the petition. *McNellis*, 266 Ill. App. 3d at 1065. The petitioner appealed and we held that the trial court should have afforded the petitioner the opportunity to correct the legal insufficiencies in the petition before dismissing it. *McNellis*, 266 Ill. App. 3d at 1070. In doing so, we noted that "if the allegations of a change in the respondent's financial condition or the allegation of a misrepresentation of the respondent's condition were not specific enough, the petitioner should have been given the opportunity to amend the petition." *McNellis*, 266 Ill. App. 3d at 1069.

¶ 18    Having found that the trial court properly granted respondent's motion to strike, we must address whether the petition should have been dismissed with prejudice. *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 209 (2010). We observe that although the trial court's order does not specifically state it was entered with prejudice, it notes that "the previous permanent, by agreement child support order entered on July 9, 2010 shall stand." We follow the rule that an initial pleading should not be dismissed with prejudice unless it is clearly apparent that no set of facts can be proven that will entitle the petitioner to recover. *Daman Express*, 406 Ill. App. 3d at 209 (citing *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488 (1994)). Here, even more than in *McNellis*, the record is silent as to how the parties agreed on the now disputed amount of support and what representations were made by respondent so that we may consider whether there was a substantial change in circumstances since the entry of the permanent child support order. Given this record, we have no basis to confidently say that it is clear that petitioner, even after amendment, would not be able to state a claim for relief. *Daman Express*, 406 Ill. App. 3d at 209. We hold that in response to these pleadings, the trial court should have granted the motion to strike pursuant to section 2-615 of the Code but also should have granted leave to amend within a reasonable period of time.

¶ 19    For the reasons stated, we affirm the trial court's order granting respondent's section 2-615 motion to strike and remand the matter with directions that the trial court afford petitioner the opportunity to amend her petition.

¶ 20    Affirmed and remanded with directions.