# Illinois Official Reports

## Appellate Court

---

### *People v. Stroud*, 2020 IL App (3d) 190064

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVE STROUD, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-19-0064 |
| Filed | May 7, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 18-TR-5272; the Hon. Thomas W. Cunningham, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Steve Stroud, of Kankakee, appellant *pro se*.<br><br>Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Presiding Justice Lytton concurred in the judgment and opinion.<br>Justice Holdridge dissented, with opinion. |

**OPINION**

¶ 1    Defendant, Steve Stroud, appeals his conviction for driving without a valid license. Defendant proceeds as a self-represented litigant on appeal. In his brief, defendant contends that he did not have an opportunity to be heard, the court's order exceeded its jurisdiction, the State lacked standing to prosecute him, the State failed to provide him with the charging instrument, and he was not subject to Illinois statutes. We affirm.

## I. BACKGROUND

¶ 2

¶ 3    Defendant was charged by traffic ticket with driving without a valid license (625 ILCS 5/6-101 (West 2018)). Defendant waived his right to counsel, and a jury trial was held. No report of proceedings has been included in the appellate record, but the circuit court's docket sheet indicates that defendant was present for the trial and proceeded as a self-represented litigant. The trial exhibits are included in the record, including a document from the Secretary of State's office, showing that defendant had no valid license on the date of the incident.

¶ 4    The jury found defendant guilty of driving without a valid license. The court sentenced defendant to 24 months' conditional discharge.

## II. ANALYSIS

¶ 5

¶ 6    Defendant proceeds as a self-represented litigant on appeal, and his appellate arguments are somewhat difficult to parse. We address defendant's arguments in this appeal to the best of our ability.

¶ 7    Defendant argues that he was denied due process and was not given the opportunity to be heard in the circuit court. This contention is rebutted by the limited record before us. The record shows that defendant was given a jury trial. The docket sheet indicates that defendant was present for the trial. Defendant has not provided a report of proceedings with the record of appeal, so we are unable to ascertain anything specific about the trial.

> "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

We construe the incompleteness of the record against defendant, and we presume that defendant had an adequate opportunity to present his case at the trial.

¶ 8    Defendant generically argues that the circuit court's order exceeded its jurisdiction. However, the record shows that the court had jurisdiction. The court had personal jurisdiction over defendant because he appeared in court after the traffic ticket complaint was filed. *People v. Kleiss*, 90 Ill. App. 3d 53, 55 (1980) ("Jurisdiction over the person of the accused is acquired when that individual appears personally before the court."). Subject matter jurisdiction was conferred by the Illinois Constitution because a prosecution for driving without a valid driver's license is a justiciable matter. Ill. Const. 1970, art. VI, § 9.

¶ 9    Defendant also argues that the State lacked standing to prosecute him because there was no plaintiff. Defendant contends that the State is not an injured party because it is a corporation.

Defendant is incorrect. The State of Illinois, represented by the state's attorney of each county, has the authority to prosecute criminal actions in which the people of the State may be concerned. 55 ILCS 5/3-9005(a)(1) (West 2018).

¶ 10 Defendant argues that the prosecutor failed to provide him with the charging instrument. The record shows that defendant was properly charged by traffic ticket. See 725 ILCS 5/111-3(b) (West 2018). The record does not indicate whether a copy of the ticket was provided to defendant. We construe the incompleteness of the record against defendant. *Foutch*, 99 Ill. 2d at 391-92.

¶ 11 Defendant argues that the prosecutor failed to testify under penalty of perjury, anything the prosecutor said was hearsay, and the only evidence the prosecutor offered was not valid. Because no report of proceedings has been included in the appellate record, we have no way to determine whether the evidence against defendant was improperly admitted or otherwise invalid. We construe the incompleteness of the record against defendant and presume that the trial evidence was properly admitted. *Id.*

¶ 12 Defendant also argues:

> "The statutes [pursuant] to statutes of fraud[.] Illinois constitution is in writing enforceable in court of law [pursuant] to the statutes of fraud[.] Provide me with the contract that these statutes apply to me[.] Contract is law[.] Law is contract[.] [T]here [is] breach of contract[.]"

The Frauds Act requires contracts that are incapable of being performed within one year to be in writing and signed. 740 ILCS 80/1 (West 2018). It has no applicability to the instant case, which involves the prosecution of a criminal offense rather than the enforcement of a contract. The criminal laws of Illinois apply to defendant because he committed an offense in the State of Illinois. See 720 ILCS 5/1-5(a)(1) (West 2018).

¶ 13 III. CONCLUSION

¶ 14 For the foregoing reasons, the arguments advanced by defendant in this appeal do not warrant reversal of his conviction for driving without a valid license. Accordingly, the judgment of the circuit court of Kankakee County is affirmed.

¶ 15 Affirmed.

¶ 16 JUSTICE HOLDRIDGE, dissenting:

¶ 17 The majority endlessly echoes that the defendant, a self-represented litigant, filed an incomplete record on appeal by failing to include a report of proceedings. See Ill. S. Ct. R. 323 (eff. July 1, 2017). The inadequacy of the defendant's appeal does not end there.

¶ 18 The defendant filed three appellant briefs in this case. His first brief, appearing in letter form, was stricken on this court's own motion due to various violations of Illinois Supreme Court Rule 341 (eff. May 25, 2018). This court granted him leave to file a new brief and directed him to follow the format of a sample brief included with that order. This court also provided the defendant with a copy of the record, consisting of the common law record and an exhibit, and an "Appellant Brief form," approved by the Illinois Supreme Court. Notwithstanding this guidance, his second brief also appeared in letter form and was stricken on this court's own motion due to the same Rule 341 violations. *Id.* This court again granted

him leave to file a new brief, strongly advising him to use the provided "Appellant Brief form." For the defendant's third and final brief, he utilized the "Appellate Brief form" provided by this court. Nonetheless, his third attempt is unavailing as it is inundated with flagrant rule violations:

1. The defendant failed to file a certificate of compliance with his brief stating that his brief complies with the form and length requirements. See Ill. S. Ct. R. 341(c) (eff. May 25, 2018).

2. The defendant failed to provide authority for the standard of review. See Ill. S. Ct. R. 341(h)(3) (eff. May 25, 2018).

3. The defendant failed to include a statement of jurisdiction and the date of the order being appealed. See Ill. S. Ct. R. 341(h)(4) (eff. May 25, 2018).

4. The defendant failed to include facts necessary to an understanding of the case, stated accurately and fairly without argument, and with appropriate references to the pages of the record on appeal. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018).

5. The defendant failed to include citations of the authorities and the pages of the record relied on in his argument. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018).

6. The defendant failed to file an appendix. See Ill. S. Ct. R. 341(h)(9) (eff. May 25, 2018); see also Ill. S. Ct. R. 342 (eff. July 1, 2017).

7. The defendant failed to provide proof of service. See Ill. S. Ct. R. 11 (eff. July 1, 2017).

¶ 19 It is well settled that our supreme court's rules apply equally to self-represented litigants as they do to attorneys, and I will not bore you with further explanation referencing the abundance of decisional law providing such. The final order in this case should have taken form as a minute order, striking the defendant's brief for failing to follow our supreme court's rules and dismissing the appeal. The majority's tolerance of these violations resulted in a colossal waste of court resources.

¶ 20 For the foregoing reasons, I would strike the defendant's brief and dismiss this appeal.