2024 IL App (1st) 240169-U

Nos. 1-24-0169 and 1-24-0171 (cons.)

Order filed September 20, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.   23 M1 108835 |
| | ) | 23 L 011453 |
| JINHEE YANG and BAIRD & WARNER, INC., | ) | |
| | ) | Honorable |
| Defendants-Appellees. | ) | Kathy M. Flanagan, |
| | ) | Stephen A. Swedlow, and |
| | ) | Michael F. Otto, |
| | ) | Judges, presiding. |

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Johnson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We dismiss for lack of jurisdiction where the orders plaintiff challenges are not final and appealable.

¶ 2   Plaintiff Tony Cole appeals *pro se* from five orders of the circuit court related to the consolidation of two lawsuits he filed against defendants Jinhee Yang and Baird & Warner, Inc. (Baird & Warner) based on alleged racial discrimination. On appeal, he argues the trial court

violated "procedural fairness" by consolidating the cases and continuing an arbitration date pending consolidation. We dismiss for lack of jurisdiction because the challenged orders are not final and appealable.

¶ 3     According to the complaints, plaintiff is a tenant at a property owned by landlord Jin Lee. Jinhee Yang is a real estate agent employed by Baird & Warner, whom Lee hired to market and sell the property. Lee initiated eviction proceedings against plaintiff, prompting plaintiff to file, *pro se*, several lawsuits against Yang, Baird & Warner, and others.[1]

¶ 4     First, on April 20, 2023, plaintiff filed a complaint against Yang alone in the First Municipal District of the circuit court of Cook County (case No. 23 M1 108835), alleging Yang "influenced [plaintiff's] landlord to attempt to evict him on the basis of his race" and "made racially discriminatory remarks about Plaintiff being a Black American and suggested that the property would not sell for its value with Plaintiff as a tenant." He claimed $9500 in damages and asserted five causes of action: (1) violation of the Illinois Human Rights Act (775 ILCS 5/1-101 *et seq.* (West 2022)); (2) violation of the federal Fair Housing Act (42 U.S.C. § 3601 *et seq.* (2018)); (3) defamation; (4) "Contributing to Unfair Treatment"; and (5) violation of the Illinois Real Estate Licensing Act of 2000 (225 ILCS 454/1-1 *et seq.* (West 2022)).

¶ 5     Then, on November 13, 2023, plaintiff filed a separate complaint against both Yang and Baird & Warner in the Law Division of the circuit court of Cook County (case No. 23 L 011453), asserting the same facts and same five causes of action as in the First Municipal District case, but claiming $175,000 in damages.

---

[1] Plaintiff has also filed appeals in this court from separate cases against his landlord's attorney (appeal Nos. 1-24-1017 and 1-24-1230) and his landlord (appeal No. 1-24-1231).

¶ 6    Defendants filed a motion to consolidate these two lawsuits. Yang also filed a motion to continue or to stay arbitration of the First Municipal District case pending the motion to consolidate. On December 18, 2023, the First Municipal District granted the motion to continue, striking the arbitration date set for the following day and rescheduling to January 16, 2024. Then on December 21, 2023, the Law Division granted defendants' motion to consolidate and transferred the First Municipal District case to the Law Division.[2]

¶ 7    On December 27, 2023, plaintiff filed a motion to reconsider the consolidation order and to sever the cases, which the Law Division denied on December 29, 2023, after reviewing the pleadings and hearing argument. Then on January 8, 2024, plaintiff filed an identical motion to reconsider the consolidation and to sever, which the Law Division struck on January 11, 2024. Finally, on January 11, 2024, plaintiff filed a motion to vacate the December 18, 2023, and December 21, 2023, orders and to reinstate arbitration, which the First Municipal District denied on January 17, 2024.[3]

¶ 8    Plaintiff filed a *pro se* notice of appeal for each case in the circuit court on January 18, 2024. In appeal No. 1-24-0169, he challenges (1) the December 18, 2023, order granting Yang's motion to continue arbitration pending the motion to consolidate; (2) the December 21, 2023, order consolidating the two cases; and (3) the January 17, 2024, order denying plaintiff's motion to vacate the prior two orders. In appeal No. 1-24-0171, he challenges (1) the December 21, 2023, consolidation order; (2) the December 29, 2023, order denying his motion to reconsider the

---

[2] The December 18, 2023, order was entered by the Honorable Stephen A. Swedlow. The December 21, 2023, order was entered by the Honorable Kathy M. Flanagan.

[3] The December 29, 2023, order was entered by the Honorable Kathy M. Flanagan; the January 11, 2024, order was entered by the Honorable Michael F. Otto; and the January 17, 2024, order was entered by the Honorable Stephen A. Swedlow.

consolidation order and sever the lawsuits; and (3) the January 11, 2024, order striking his second motion to reconsider.

¶ 9    Defendants filed a motion to consolidate the two appeals, which this court granted over plaintiff's objection.

¶ 10    Defendants also filed motions to dismiss each appeal for lack of jurisdiction, arguing that the orders appealed from are not final and do not fall under another exception allowing appellate jurisdiction. Plaintiff filed responses, and we ordered the motions taken with the case.[4]

¶ 11    As an initial matter, plaintiff's appellate briefs fail to comply with the supreme court rules. His briefs include no citation to the record and insufficient citation to authority to support his arguments. See Ill. S. Ct. R. 341(h)(3), (7) (eff. Oct. 1, 2020). Neither do his briefs contain an appendix with the orders appealed from and an index to the record. See Ill. S. Ct. R. 342 (eff. Oct. 1, 2019). A reviewing court is entitled to briefs that clearly define the issues, cite to authority, and present a cohesive argument. *Barlow v. Costigan*, 2014 IL 115152, ¶ 52. A party's status as a *pro se* litigant does not relieve his obligations to comply. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. We may strike a brief and dismiss an appeal for failure to comply with Rule 341's requirements. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶¶ 12-15.

¶ 12    Notwithstanding the deficiencies in plaintiff's appellate briefs, we understand he is challenging the circuit court's orders related to consolidating the two lawsuits and continuing arbitration. Additionally, we have the benefit of a cogent brief from defendants. See *Twardowski*

---

[4] In this court, plaintiff also filed a "motion to address irregularities in court reporting document and opposition to defendants' motion" regarding the January 17, 2024, hearing transcript, which we ordered taken with the case and now deny. The court reporting error plaintiff addressed was corrected in a transcript subsequently filed in this court on July 17, 2024, to reflect the Honorable Stephen A. Swedlow presided over the January 17, 2024, hearing.

*v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). For the following reasons, however, this court nonetheless lacks jurisdiction to consider this appeal on the merits.

¶ 13    This court must determine whether we have jurisdiction before reaching the merits of an appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The appellate court generally has jurisdiction over timely filed appeals from final judgments and orders. *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009); Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303(a)(1) (eff. July 1, 2017). An order is final if it terminates the litigation between the parties on the merits, either wholly or as to some definite part, and fully and finally disposes of the rights of the parties, such that if the order is affirmed, all that remains for the trial court is to execute the order. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989); *MidFirst Bank v. McNeal*, 2016 IL App (1st) 150465, ¶ 23.

¶ 14    We review the five challenged orders chronologically.

¶ 15    First, we address the December 18, 2023, order continuing the arbitration date in the First Municipal District case pending a ruling on defendants' motion to consolidate. An order continuing arbitration does not terminate the issues or dispose of the rights of the parties. See *Pekin Insurance Co. v. Benson*, 306 Ill. App. 3d 367, 375 (1999) (orders involving motions to stay arbitration are interlocutory, not final); see also *Robert A. Besner & Co. v. Lit America, Inc.*, 214 Ill. App. 3d 619, 623 (1991) (same). Plaintiff argues that the order is final because it "fix[ed] the rights of the parties with respect to specific claims or issues." Plaintiff, however, does not specify which rights he believes are now fixed. The only effect of the order was a change in date, which in no way disposed of plaintiff's discrimination claim. The December 18, 2023, order is not a final order, and, therefore, plaintiff cannot appeal it under Rule 303.

¶ 16    Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), however, permits interlocutory appeals as of right from orders modifying injunctions. An order to compel or stay arbitration is "injunctive in nature" and generally is subject to Rule 307(a)(1). See *Salsitz v. Kreiss*, 198 Ill. 2d 1, 11 (2001). Rule 307(a) requires appellants to file a notice designated "Notice of Interlocutory Appeal" and a Rule 328 record within 30 days of entry of the contested order. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017); R. 328 (eff. July 1, 2017). Plaintiff did not designate his appeal as such and did not file a Rule 328 record as required. Further, the common law record was filed on March 21, 2024, well over 30 days after the December 18, 2023, continuation order. As such, even if the order continuing arbitration were appealable, we cannot assert jurisdiction under Rule 307 because plaintiff did follow the proper procedure. See *Lit America*, 214 Ill. App. 3d at 623 (dismissing where appellant failed to file notice of interlocutory appeal within 30 days after entry of the order).

¶ 17    Next, we consider the December 21, 2023, order granting the motion to consolidate and transferring the First Municipal District case to the Law Division. This order, too, is not final because an order consolidating two lawsuits does not determine anything about the merits of a claim or dispose of the rights of the parties. See *CIT Bank, N.A. v. Pino*, 2020 IL App (1st) 191416-U, ¶ 13 (consolidation order is not a final order).[5] Furthermore, a consolidation order, unlike an order to compel or stay arbitration, is not appealable under any other supreme court rule. *Id.* (consolidation order is not an appealable interlocutory order). We have no jurisdiction to review this order.

---

[5] "[A] nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes." Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023).

¶ 18    We address together the final three challenged orders: the December 29, 2023, order denying plaintiff's motion to reconsider the consolidation order and to sever the cases; the January 11, 2024, order striking plaintiff's identical motion to reconsider the consolidation and to sever; and the January 17, 2024, order denying plaintiff's motion to vacate the December 18, 2023, and December 21, 2023, orders discussed above and to reinstate arbitration. None of the orders terminated any part of the litigation or disposed of the parties' rights, and no other supreme court rule provides for appellate jurisdiction. Accordingly, we have no jurisdiction to review these three orders.

¶ 19    On appeal, plaintiff also asserts this court has jurisdiction pursuant to Supreme Court Rule 308 (eff. Oct. 1, 2019). Rule 308(a) allows for appeals from interlocutory orders not otherwise appealable where the trial court identifies, in writing, a question of law for immediate appeal. As we have received no certified question in either of these cases, we have no jurisdiction under Rule 308 to review any of the challenged orders. See *id.*

¶ 20    Because none of the five challenged orders are final judgments, and no other rule allowing appellate jurisdiction applies, we have no jurisdiction to review the orders. We grant defendants' motions to dismiss the appeals for lack of jurisdiction.

¶ 21    Appeal No. 1-24-0169, Dismissed.

¶ 22    Appeal No. 1-24-0171, Dismissed.