2025 IL App (1st) 241879-U

No. 1-24-1879

Order filed August 15, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| | ) | No. 23 L 11453 |
| v. | ) | |
| | ) | Honorable |
| | ) | Kathy Flanagan and |
| JINHEE YANG and BAIRD & WARNER, INC., | ) | John J. Curry Jr., |
| | ) | Judges, presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE NAVARRO delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1     *Held*: Where plaintiff failed to present an adequate record on appeal, we affirm the judgment of the circuit court.

¶ 2     Plaintiff Tony Cole appeals from three orders of the circuit court related to two lawsuits he filed against defendants Jinhee Yang and Baird & Warner, Inc. (Baird & Warner) based on alleged racial discrimination. On appeal, he contends that the circuit court erred in consolidating the

lawsuits and in dismissing them with prejudice. Because plaintiff has failed to present an adequate record on appeal for review, we affirm.

¶ 3     According to the complaints, plaintiff was a tenant at a property owned by landlord Jin Lee. Jinhee Yang is a real estate agent employed by Baird & Warner, whom Lee hired to market and sell the property. Lee initiated eviction proceedings against plaintiff, prompting plaintiff to file, *pro se*, several lawsuits against Lee, Lee's attorney, Yang, and Baird & Warner. At issue in this appeal are one lawsuit filed against Yang and one lawsuit filed against Yang and Baird & Warner.

¶ 4     First, on April 20, 2023, plaintiff filed a complaint against Yang alone in the First Municipal District of the circuit court of Cook County (case No. 23 M1 108835), alleging Yang "influenced [plaintiff's] landlord to attempt to evict him on the basis of his race" and "made racially discriminatory remarks about Plaintiff being a Black American and suggested that the property would not sell for its value with Plaintiff as a tenant." He claimed $9,500 in damages and asserted five causes of  (1) violation of the Illinois Human Rights Act (IHRA) (775 ILCS 5/1-101 *et seq.* (West 2022)); (2) violation of the federal Fair Housing Act (FHA) (42 U.S.C. § 3601 *et seq.* (2018)); (3) defamation; (4) "Contributing to Unfair Treatment"; and (5) violation of the Illinois Real Estate Licensing Act of 2000 (IRELA) (225 ILCS 454/1-1 *et seq.* (West 2022)).

¶ 5     Second, on November 13, 2023, plaintiff filed a separate complaint against both Yang and Baird & Warner in the Law Division of the circuit court of Cook County (case No. 23 L 11453), asserting the same facts and same five causes of action as in the First Municipal District case, but claiming $175,000 in damages.

¶ 6    Defendants filed a motion to consolidate the two lawsuits. Plaintiff filed a response, defendants filed a reply, and plaintiff filed another response. On December 21, 2023, the Law Division held a hearing, at which it heard argument from the parties. The court granted defendants' motion to consolidate and transferred the First Municipal District case to the Law Division.

¶ 7    On December 26, 2023, plaintiff filed a motion to reconsider the consolidation order and a motion to sever the cases. On December 27, 2023, he filed a pleading titled, "Motion to Oppose Consolidation and Declare a True Emergency." On December 29, 2023, the Law Division held a hearing on all three of plaintiff's motions, at which the parties appeared in person. After reviewing the pleadings and hearing argument, the court denied plaintiff's motions.

¶ 8    On January 18, 2024, plaintiff filed a *pro se* notice of appeal for each case in the circuit court, challenging, *inter alia*, the December 21, 2023, order consolidating the two cases and the December 29, 2023, order denying his motions to reconsider the consolidation, sever the lawsuits, and declare an emergency. This court consolidated the two appeals and dismissed for lack of jurisdiction because none of the orders being challenged were final and appealable. *Cole v. Yang and Baird & Warner*, 2024 IL App (1st) 240169-U.

¶ 9    On January 18, 2024, defendants filed a motion to dismiss plaintiff's complaints pursuant to section 2-615 of the Code of Civil Procedure (Code). 735 ILCS 5/2-615 (West 2022). Defendants argued that plaintiff had failed to state a cause of action in each of the five counts set forth in his complaints. Defendants' arguments addressed the five counts as follows.

¶ 10    In count I, plaintiff had alleged that Yang violated the IHRA "by making racially discriminatory remarks about Plaintiff being a Black American and suggest[ing] that the property would not sell for its value with Plaintiff as a tenant." In the motion to dismiss, defendants argued

that plaintiff failed to state a cause of action for a violation of Article 3 of the IHRA, which prohibits discrimination in connection with real estate transactions (see 775 ILCS 5/3-102 (West 2022)), where he did not allege an adverse action taken by Yang in connection with the real estate transaction, or any discriminatory intent behind such action.

¶ 11    In count II, plaintiff had alleged that Yang's "conduct violated the [FHA], which prohibits discrimination in the sale or rental of housing based on race." In the motion to dismiss, defendants argued that plaintiff failed to allege any facts to state a viable cause of action.

¶ 12    In count III, plaintiff had alleged that Yang defamed him by making "false statements" about his character and reputation to his landlord. In the motion to dismiss, defendants argued that plaintiff failed state a cause of action for defamation because he did not identify "what the actual false statement was, when it was made, or how it was made."

¶ 13    In count IV, titled "Contributing to Unfair Treatment," plaintiff had alleged that Yang's and Baird & Warner's conduct "contributed to Plaintiff's landlord's unfair treatment towards him, including demanding more money than Plaintiff was providing for the mortgage and taxes and physically assaulting him." In the motion to dismiss, defendants argued that no cause of action for "Contributing to Unfair Treatment" exists under Illinois or federal law.

¶ 14    Finally, in count V, plaintiff had alleged that Yang's and Baird & Warner's conduct violated the IRELA, which, he asserted, "requires real estate agents to act in the best interests of their clients and to refrain from making discriminatory remarks." In the motion to dismiss, defendants argued that plaintiff failed to state a cause of action for a violation of section 15-15(a)(2) of the IRELA, which requires a licensee representing a client to "promote the best interest of the client" (see 225 ILCS 454/15-15(a)(2) (West 2022)), where plaintiff failed to allege that he

was Yang's client or that an agency relationship existed between them. Defendants further argued that plaintiff failed to state a cause of action for a violation of section 20-20(a)(31) of the IRELA, which allows the Department of Financial and Professional Regulation to discipline a licensee for engaging in any act that constitutes a violation of Article 3 of the IHRA (see 225 ILCS 454/20-20(a)(31) (West 2022)), because plaintiff lacked standing to bring such a claim where section 20-20 does not provide a private cause of action for damages to enforce it.

¶ 15    On January 29, 2024, plaintiff filed a response in opposition to the motion to dismiss. In his response, he asserted that his claims were urgent and "demand[ed] the court's immediate attention." He set forth a history of the eviction proceedings, listed four "comparable cases," and asserted his claims were "sufficiently pleaded" and supported by a "sturdy legal foundation." Plaintiff attached a document titled "Challenging the Consolidation: A Pursuit of Fair Adjudication," in which he asserted that his two cases should not have been consolidated because they involved "distinct legal standards, factual scenarios, and procedural histories" and having them consolidated "poses a hindrance to presenting each case on its individual merits."

¶ 16    On February 13, 2024, defendants filed a reply in support of their motion to dismiss. Defendants argued that plaintiff had failed to address their arguments, made "disingenuous" statements of fact, and cited case law that did not support his claims. Defendants reiterated their arguments that plaintiff had failed to state a cause of action in each of the five counts of his complaints.

¶ 17    On February 20, 2024, plaintiff filed a pleading titled "Plaintiff's Second Response to Defendants' Reply in Support of Rule 2-615 Second Motion to Dismiss." Plaintiff asserted that his claims were "not only legally sound but also firmly grounded in factual evidence." He argued

that the allegations in his complaints sufficiently stated causes of action for violation of the IHRA, violation of the FHA, defamation, "Contributing to Unfair Treatment," and violation of the IRELA.

¶ 18    On March 14, 2024, the parties appeared before the circuit court for a hearing on, among other things, defendants' motion to dismiss the complaints. Following the hearing, the court took the motion under advisement, "with the Court to issue written rulings on the motion[ ] prior to the next status date," which it set for June 6, 2024.

¶ 19    On March 18, 2024, plaintiff filed a pleading titled "Notice," the purpose of which was "to provide further clarification on the arguments presented during the court proceedings held on 3/14/2024." Plaintiff claimed that he experienced difficulties presenting his arguments at the hearing because the court reporter repeatedly interrupted him, either stating that she could not hear him or expressing confusion. As such, he attached what he described as "a detailed outline" of his arguments. In summary, plaintiff argued that dismissal would be premature because his complaints contained "sufficient factual allegations to support claims under the IHRA, FHA, defamation, and other theories of liability."

¶ 20    On June 6, 2024, the circuit court continued the case for status on June 25, 2024. On June 11, 2024, plaintiff filed a motion for substitution of judge as of right, which was subsequently granted.

¶ 21    On September 3, 2024, the circuit court held a hearing on defendants' motion to dismiss the complaints, with all parties present. Following the hearing, the court granted the motion to dismiss with prejudice. Specifically, the court found "that Plaintiff's complaint is incapable of being amended to state a valid cause of action, and that Plaintiff *pro se* is incapable of so doing."

¶ 22    Plaintiff filed a timely notice of appeal on September 20, 2024. He identified the orders being appealed as (1) the December 21, 2023, grant of defendants' motion to consolidate; (2) the December 29, 2023, denial of his motions to reconsider the consolidation order, sever the cases, and declare an emergency; and (3) the September 3, 2024, dismissal of the complaints with prejudice.

¶ 23    On appeal, plaintiff contends that the consolidation of his complaints violated procedural rules and prejudiced him; that the denial of his "objections" to the consolidation and subsequent dismissal with prejudice violated due process; that the dismissal of his complaints with prejudice and without leave to amend constituted an abuse of discretion; and that the circuit court infringed upon his "procedural rights" by refusing to allow him to argue or present evidence against consolidation.

¶ 24    As an initial matter, we address defendants' argument that this appeal should be dismissed for plaintiff's failure to comply with Illinois Supreme Court rules governing the form and substance of appellate briefs.

¶ 25    We agree with defendants that plaintiff's brief is deficient in multiple respects. Most relevant, Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires that an appellant's brief contain reasoned argument supported by citations to the authorities and the pages of the record relied on. We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. "The appellate court is not a depository in which the appellant may dump the burden of argument and research." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). When an appellant fails to comply with Rule 341, this court may strike

the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. An appellant's *pro se* status does not relieve him of his obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7.

¶ 26   Here, plaintiff's brief lacks cohesive legal arguments, reasoned bases for his contentions, and citations to the record and relevant authorities. In these circumstances, we would be justified in striking the brief and dismissing the appeal. *Holzrichter*, 2013 IL App (1st) 110287, ¶ 77. However, this court may entertain the appeal of a party who files an insufficient brief "so long as we understand the issue [the party] intends to raise and especially where the court has the benefit of a cogent brief of the other party." *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In this case, defendants have filed a cogent brief, and it is clear that plaintiff is challenging the consolidation of his cases and the dismissal of his complaints with prejudice. Accordingly, we choose not to dismiss the appeal.

¶ 27   Nevertheless, as a threshold matter, we must also address the inadequacy of the record. Plaintiff has not included in the record on appeal any transcripts of proceedings from: the December 21, 2023, hearing where the circuit court granted defendants' motion to consolidate; the December 29, 2023, hearing where the circuit court denied plaintiff's motions to reconsider the consolidation order, sever the cases, and declare an emergency; or the September 3, 2024, hearing where the circuit court dismissed his complaints with prejudice. Plaintiff also has not included in the record on appeal any acceptable transcript substitutes, such as a bystander's report or an agreed statement of facts pursuant to Illinois Supreme Court Rule 323 (eff. July 1, 2017).

¶ 28   Our supreme court has long held that, in order to support a claim of error on appeal, the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d

389, 391 (1984). This duty applies even to *pro se* litigants. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). Any doubts arising from an incomplete record must be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. In the absence of transcripts or acceptable substitutes, it is presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). Where the record on appeal is inadequate to support a claim of error, this court may dismiss an appeal or, as an alternative, summarily affirm the trial court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 29 Here, substantively, plaintiff is challenging the circuit court's (1) grant of defendants' motion to consolidate and (2) dismissal of his complaints with prejudice, denying him the opportunity to amend his complaints.

¶ 30 The Code allows for consolidation of actions pending in the same court, as an aid to convenience, where it can be done "without prejudice to a substantial right." 735 ILCS 5/2-1006 (West 2022). Consolidation is appropriate where cases (1) are of the same nature; (2) arise from the same act or event; (3) involve the same or like issues; and (4) depend largely on the same evidence. *In re Joseph J.*, 2020 IL App (1st) 190305, ¶ 26. A circuit court's ruling on a motion to consolidate is reviewed for an abuse of discretion. *Id.* An abuse of discretion occurs where the court's decision is " 'arbitrary, fanciful, or unreasonable to the degree that no reasonable person would agree with it.' " *Id.* (quoting *People v. Rivera*, 2013 IL 112467, ¶ 37).

¶ 31 In turn, a motion to dismiss pursuant to section 2-615 challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). A court may dismiss a complaint with prejudice when it is "apparent that the plaintiff

can prove no set of facts that will entitle him or her to recover." *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). Whether a complaint may be dismissed with prejudice, that is, without granting leave to amend, is a decision within the circuit court's discretion. *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 209 (2010). Therefore, while a ruling on a motion to dismiss is generally reviewed *de novo* (*Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29), a circuit court's decision to dismiss a complaint with prejudice is reviewed for an abuse of discretion (*Bruss*, 385 Ill. App. 3d at 405).

¶ 32    Given the abuse of discretion standard of review for the granting of a motion to consolidate and for the dismissal of a complaint with prejudice, transcripts of those proceedings or acceptable substitutes would be necessary for us to reach the merits of this appeal. Without those reports, the record does not reveal what arguments the parties made or what constituted the basis for the circuit court's decisions. As such, we cannot determine whether the court abused its discretion in ruling on the motion to consolidate or in dismissing plaintiff's complaints with prejudice.

¶ 33    Plaintiff argues that consolidation was improper because his cases involved different legal theories, parties, and remedies. However, the common law record contradicts the majority of plaintiff's assertions. First, plaintiff's complaint against Yang in case No. 23 M1 108835 and his complaint against Yang and Baird & Warner in case No. 23 L 11453 alleged the exact same facts. Specifically, in each complaint, in paragraphs labeled "Facts" that match word-for-word with the exception of referring to Yang as "Defendant" in one and as "Defendant Jinhee Yang" in the other, plaintiff alleged that Yang, who was employed as a real estate agent by Baird & Warner, influenced plaintiff's landlord to attempt to evict him on the basis of his race and made racially discriminatory remarks about him. Plaintiff made no separate factual claims against Baird & Warner; he simply

added a paragraph in the complaint in case No. 23 L 11453 asserting that Baird & Warner is liable for the actions of its agent under the Illinois Real Estate License Act.

¶ 34    Second, the complaints asserted the exact same five causes of action against Yang in counts I, II, and III in both complaints; against Yang in counts IV and V in case No. 23 M1 108835; and against Yang and Baird & Warner in counts IV and V in case No. 23 L 11453: (1) violation of the IHRA; (2) violation of the FHA; (3) defamation; (4) "Contributing to Unfair Treatment"; and (5) violation of the IRELA. Finally, although defendant sought $9,500 in one case and $175,000 in the other, in both cases, he alleged that he was due a monetary remedy because he had suffered "significant physical harm and emotional distress" as a "direct and proximate result" of the defendants' actions.

¶ 35    Further, without reports of the proceedings on the motion to consolidate and motion to reconsider the consolidation, we cannot know whether plaintiff presented the circuit court with evidence or argument demonstrating that his cases were not of the same nature, did not arise from the same act or event, did not involve the same or like issues, and did not depend largely on the same evidence. Accordingly, we cannot determine whether the court abused its discretion in ruling on the motion to consolidate and must presume that the court followed the law and had a sufficient factual basis for its rulings. See *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15 (absent a transcript of proceedings, a record on appeal is insufficient to conduct a review for an abuse of discretion).

¶ 36    Next, plaintiff argues that consolidation "led to significant procedural confusion and delay, resulting in prejudice to the Plaintiff." However, plaintiff has not explained how consolidation delayed the proceedings, what confusion was caused by consolidation, or how any confusion

prejudiced him, beyond asserting that litigation in the Law Division involves "complexities and procedural requirements *** which were not intended for the straightforward resolution of small claims matters." We cannot evaluate the merits of this undeveloped argument. See *People v. Lacy*, 407 Ill. App. 3d 442, 459 (2011) (undeveloped argument is forfeited); *1350 Lake Shore Associates v. Randall*, 401 Ill. App. 3d 96, 106 (2010) (undeveloped argument lacks merit and does not warrant discussion). Even were we to consider the argument, without reports of the proceedings on the motion to consolidate and motion to reconsider the consolidation, we cannot know whether plaintiff presented the circuit court with evidence or argument demonstrating prejudice. We therefore would presume the court followed the law and had a sufficient factual basis for its rulings. *Wells Fargo Bank, N.A.*, 2016 IL App (1st) 143720, ¶ 15.

¶ 37    Plaintiff also argues that the consolidation and dismissal with prejudice denied him notice and an opportunity to be heard, and that he was excluded from critical decisions regarding consolidation. However, the common law record includes numerous pleadings that plaintiff filed in opposition to consolidation and dismissal. The circuit court's written orders indicate that it reviewed those pleadings and that plaintiff was present at the hearings on December 21, 2023, December 29, 2023, and September 3, 2024, where it heard argument from the parties prior to issuing its decisions. Thus, the record belies plaintiff's claims.

¶ 38    To the extent plaintiff may be inferring that violations occurred during the court proceedings, without reports of those proceedings for our review, we cannot make that determination and must presume the court followed the law and had a sufficient factual basis for its rulings. *Corral*, 217 Ill. 2d at 156-57; see also *People v. Stroud*, 2020 IL App (3d) 190064, ¶ 7 (presuming the appellant had an adequate opportunity to be heard in the circuit court where the

docket sheet indicated he was present at the proceedings in question, and he failed to include a transcript of proceedings in the record on appeal).

¶ 39    Plaintiff asserts that dismissal of his complaints with prejudice was improper because he was not given a fair chance to amend his complaints and correct any deficiencies. However, he has not identified what amendments he wished to make, and the record he has provided in this court reveals no proposed amendments, written or verbal. Again, in the absence of an adequate record, we must presume that the court followed the law and had a sufficient basis for its rulings. *Corral*, 217 Ill. 2d at 156-57; see also *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 749 (2009) (affirming dismissal with prejudice where nothing in the record on appeal indicated that the plaintiffs provided the trial court with possible amendments to their complaint).

¶ 40    Plaintiff states that it is "noteworthy" that Yang and her attorney "played central roles in these proceedings, raising concerns about impartiality." Given that Yang is a party in this case, it is to be expected that she and her attorney would be involved in the proceedings. Plaintiff has not explained how the involvement of Yang and her attorney in the proceedings affected the court's impartiality. Because the argument is undeveloped, its merits cannot be assessed. See *Lacy*, 407 Ill. App. 3d at 459; *1350 Lake Shore Associates*, 401 Ill. App. 3d at 106.

¶ 41    Last, plaintiff argues that the circuit court's dismissal of his case failed to adequately consider his objections to the consolidation. Absent transcripts of proceedings, we cannot know what objections plaintiff raised during the consolidation proceedings and, therefore, must presume that the court followed the law and had a sufficient basis for its rulings. *Corral*, 217 Ill. 2d at 156-57; *Eastern Savings Bank, FSB v. Andrews-Lewis*, 2023 IL App (1st) 220413, ¶ 22 (where an

appellant fails to provide a transcript or acceptable substitute, appellate court must presume the circuit court considered all arguments raised at the hearing).

¶ 42    As a final matter, we address plaintiff's motion, which we have taken with the case, to strike portions of defendants' brief. In the motion and his supporting filings, plaintiff asserts that defendants' brief contains factual and legal mischaracterizations, arguments unsupported by evidence or law, and misleading statements and omissions. For example, he argues that defendants misstate the standard of review, rely on procedural technicalities to avoid the case's merits, misrepresent that plaintiff was given an opportunity to amend his complaints, and ignore fundamental due process violations. Plaintiff urges this court to strike and disregard the portions of defendants' brief that lack factual or legal support.

¶ 43    The striking of an appellate brief, in whole or in part, is a harsh sanction that is appropriate only when the violations of procedural rules hinder this court's review. *Hall v. Naper Gold Hospital LLC*, 2012 IL App (2d) 111151, ¶ 15. We have carefully reviewed defendants' brief and find no portions that hinder our review of the case. Accordingly, we deny plaintiff's motion to strike portions of defendants' brief.

¶ 44    For the reasons explained above, we (1) deny plaintiff's motion to strike portions of defendants' brief and (2) affirm the judgment of the circuit court.

¶ 45    Affirmed.