2025 IL App (1st) 241853-U

FOURTH DIVISION
Order filed: October 9, 2025

No. 1-24-1853

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| ZOFIA DZIADKOWIEC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 OP 50658 |
| | ) | |
| WLODZIMIERZ PIATEK, | ) | Honorable |
| | ) | Michael Chvatal and Elizabeth |
| Respondent-Appellant. | ) | Mary Hayes, Judges presiding. |

_____

JUSTICE QUISH delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Circuit court judgment affirmed due to respondent's failure to provide a report of proceedings or other acceptable substitute to support his claims that the circuit court erred in issuing a plenary order of protection and that the case should have been transferred to a different courthouse due to judicial bias. Respondent was provided with an adequate opportunity to collect his personal items. Respondent's remaining arguments are forfeited or are not properly presented to this court.

¶ 2    Respondent Wlodzimierz Piatek ("Piatek"), *pro se*, appeals from the order of the circuit

court granting a two-year plenary order of protection prohibiting him from contacting the

petitioner, Zofia Dziadkowiec ("Dziadkowiec"), and granting Dziadkowiec exclusive possession

of the parties' residence. For the following reasons, we affirm.

¶ 3     The record on appeal consists of one volume of the common law record and does not contain a report of proceedings or any substitute. The following facts are derived from that record.

¶ 4     In July 2024, the parties were dating and lived together in an apartment in Chicago Ridge, Illinois. On July 2, 2024, Dziadkowiec filed a petition for an emergency order of protection against Piatek. The petition alleged that, on July 1, 2024, Piatek threatened to throw Dziadkowiec out of the house and refused to let her sleep. Dziadkowiec alleged that she called the police because she was frightened. The petition also alleged that Piatek was very angry and he suffered from "psychological issues." She was "very scared" that he would do "something bad" to her because he kept swords in his room. Dziadkowiec also alleged that, on June 26, Piatek argued with her and threatened her and was "extremely aggressive," hitting the wall and microwave. Dziadkowiec alleged that Piatek talked about death and she was scared he would physically harm her.

¶ 5     On July 2, 2024, the circuit court granted Dziadkowiec's petition and entered an emergency order of protection against Piatek, prohibiting him from harassing, abusing, or communicating with Dziadkowiec, ordering Piatek to stay at least 100 feet away from her, and granting Dziadkowiec exclusive possession of the parties' residence. The order was set to expire on July 23, 2024. The court set another hearing for July 23, 2024.

¶ 6     On July 5, 2024, Piatek, *pro se*, filed a motion seeking "rescission" of the emergency order of protection, alleging he had no other housing options and was in poor health. Piatek also filed a motion to retrieve his property from the parties' residence. On July 15, 2024, the circuit court denied Piatek's motion to rescind the order of protection, but allowed him to retrieve personal items from the residence accompanied by the Chicago Ridge Police Department. On July 23, 2024,

the circuit court extended the emergency order of protection to August 26, 2024.

¶ 7    In August 2024, Piatek filed several emergency motions relating to the order of protection and retrieving his personal items from the residence. He also filed a motion to transfer the case from the Bridgeview courthouse to the 555 West Harrison courthouse. Piatek asserted that he filed a separate petition for an order of protection at 555 West Harrison against Dziadkowiec's son, and that he would "feel more comfortable" having the case heard there by Judge Rice. On August 21, 2024, the circuit court denied Piatek's motion to transfer the case, but granted him permission to again retrieve personal items from the residence with a police escort.

¶ 8    On August 22, 2024, Piatek filed a motion to continue the case until after he received a response to two letters he sent to the presiding judge of the Bridgeview courthouse. The letters, which were attached to the motion, asked the presiding judge to "admonish the judge" overseeing the case to "hear [him] out" and to vacate the order denying his motion to transfer the case.

¶ 9    On August 26, 2024, following a hearing, the circuit court entered a plenary order of protection against Piatek. The order indicates that the court, after reviewing the petition and hearing the evidence and testimony of petitioner, made findings which were made orally and videotaped or recorded by a court reporter and were incorporated into the order.  The record does not include any transcript or bystander's report from this hearing.

¶ 10    The plenary order of protection prohibited Piatek from being near Dziadkowiec or communicating with her through any means. The order granted Dziadkowiec exclusive possession of the parties' residence because Piatek had no right to occupy the residence. The order expires on August 26, 2026. The order also indicates that Piatek was served with the order of protection in open court the same day.

¶ 11    On August 27, 2024, Piatek filed a motion seeking (1) permission to collect all of his personal belongings; (2) the return of items "purchased together online;" (3) "setting accounts with shared items and work;" and (4) an "appeal against the judgment of August 26, 2024." The motion alleged that Dziadkowiec's son lied at the hearing on August 26, and raised other grievances related to Dziadkowiec, her son, and the manner in which the hearing was conducted.

¶ 12    On August 29, 2024, Dziadkowiec filed a motion to dismiss Piatek's motion, and for sanctions, attorney's fees, and court costs. The motion asserted that Piatek was scheduled to come to the residence multiple times to retrieve personal items, but on some occasions he failed to appear, and on one occasion, he was "aggressive, yelled, and left Zofia's residence without retrieving any items." The motion argued that Piatek was given multiple chances to retrieve his possessions, which caused Dziadkowiec to repeatedly miss work to accommodate him, and he should not be granted additional opportunities. On September 3, 2024, the circuit court entered an additional order allowing Piatek to retrieve his belongings from the residence with a police escort on September 7, 2024.  Piatek then filed a motion seeking a "detailed written justification for the judgment of September 3, 2024," relating to his attempt to appeal the plenary order of protection. He also argued that he was not heard during the hearing on August 26, 2024, the order of protection was improper, the witnesses lied, and he was entitled to compensation from Dziadkowiec. Dziadkowiec filed another motion to dismiss and for sanctions.

¶ 13    On September 12, 2024, the circuit court denied Piatek's outstanding motions as improper and insufficient in law and denied Dziadkowiec's motions to dismiss and for sanctions. The court also ruled that Piatek would receive no further orders allowing him to retrieve his belongings from the residence. On September 17, 2024, Piatek filed a notice of appeal from the August 26, 2024

order only.

¶ 14    Dziadkowiec did not file a brief with this court, and we ordered that the appeal be taken on Piatek's *pro se* brief and the record only. Piatek's brief is difficult to decipher and violates our supreme court's rules in numerous respects. In violation of Supreme Court Rule 341(h), his brief does not contain a table of contents, an introductory paragraph, a statement of the issues he presents for review, a statement of facts, the applicable standard of review for each issue, a statement of jurisdiction or an appendix. Ill. Sup. Ct. R. 341(h) (eff. Oct. 1, 2020). His argument section does not cite to any relevant legal authority and the facts included are not presented "accurately and fairly without argument or comment," as is required by Rule 341(h)(6). *Id.*

¶ 15    We are entitled, as a reviewing court, to have the issues on appeal clearly defined, pertinent authority cited, and a cohesive legal argument presented. *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 5. When an appellant fails to comply with Rule 341, this court may strike their brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. We are mindful that Piatek is *pro se* and had a Polish interpreter in the circuit court. However, compliance with Rule 341 is mandatory and the fact that a party appears *pro se* does not relieve that party from complying as nearly as possible with the rules for practice before this court. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8.

¶ 16    Despite the numerous issues with Piatek's brief, we decline to strike it. We will address his arguments, to the extent we can discern them, relating to the August 26, 2024 plenary order of protection listed in his notice of appeal. *Gen. Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011) (a "notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal.").

¶ 17 Piatek first argues that the circuit court erred by issuing the plenary order of protection. An order of protection shall be issued if the court finds that the petitioner has been abused by a family or household member and the petitioner meets the requirements for an emergency, interim, or plenary order of protection. 750 ILCS 60/214(a) (West 2024). "Abuse" is broadly defined to include physical abuse, harassment, interference with personal liberty, or willful deprivation. 750 ILCS 60/103(1) (West 2024). The petitioner must prove abuse by a preponderance of the evidence. *Best v. Best*, 223 Ill. 2d 342, 348 (2006). The circuit court's finding of abuse will not be disturbed unless it is against the manifest weight of the evidence. *Id.* at 349-50. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or the court's findings are unreasonable, arbitrary, or not based on the evidence. *In re D.F.*, 201 Ill. 2d 476, 498 (2002).

¶ 18 Piatek's argument centers around his disagreement with the substance of the testimony from Dziadkowiec and her son that was apparently heard at the hearing on August 26, 2024, and his claim that he was not heard at that hearing. The court's order reflects that Piatek was present in open court that day and that the court reviewed the petition and heard evidence and testimony of the petitioner and made findings orally which were recorded by a court reporter and incorporated into the plenary order of protection. However, Piatek has not provided this court with a report of proceedings from that hearing or an acceptable substitute under Supreme Court Rule 323. Ill. Sup. Ct. R. 323 (eff. Jul. 1, 2017).

¶ 19 As the appellant, Piatek "has the burden to present a sufficiently complete record of proceedings" to support his claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a transcript of proceedings or an acceptable substitute, we must "presume[] that the

order entered by the trial court was in conformity with the law and had a sufficient factual basis." *Id.* at 392. Any doubts which may arise from the incompleteness of the record are resolved against the appellant. *Id.* Here, we have no transcript of the hearing on the plenary order of protection or any other hearing or court appearance. The record does not reveal what testimony was given in support of or in opposition to the order of protection or the court's findings and basis for its decision. Accordingly, we must presume that there was a sufficient factual basis to support the entry of that order and the remedies provided. See *id.* at 391-92. Thus, we reject Piatek's argument.

¶ 20      Additionally, the record reflects that Piatek was present in court on many occasions and had the assistance of a Polish interpreter. To the extent he argues that he was not given a chance to be heard during these hearings, without reports of proceedings for our review, we cannot make that determination and must presume the court followed the law and had a sufficient factual basis for its rulings. See *Cole v. Yang*, 2025 IL App (1st) 241879-U, ¶ 38 (citing *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005)); *People v. Stroud*, 2020 IL App (3d) 190064, ¶ 7.

¶ 21      Piatek's brief also includes references to police reports and other documents and statements that were not before the circuit court and are not in the appellate record. This court cannot consider any such documents or information. See *In re Marriage of Micheli*, 2014 IL App (2d) 121245, ¶ 21.

¶ 22      Piatek next contends that the judges of the Bridgeview courthouse were biased against him and repeatedly refused to allow him to speak during hearings, hear his side of the story or present evidence. He also argues that the court erred in denying his motion to transfer the case to the 555 West Harrison courthouse due to this bias. As we discussed above, we lack a report of proceedings

or an acceptable substitute from any court appearance or hearing and we cannot discern what took place at those hearings. There is no evidence in the record of any bias or prejudice against Piatek. Thus, we must presume that the circuit court acted in conformity with the law and was not biased against him. See *Foutch*, 99 Ill. 2d at 392. We reject his argument.

¶ 23   Piatek has also failed to cite any authority or legal basis to support his request to transfer the case, either in his motion filed in the circuit court or in his brief on appeal. See *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010) (party forfeited his argument by failing to develop it or cite any authority to support it). As such, Piatek has forfeited review of this argument.

¶ 24   Lastly, Piatek contends that he should be granted an additional opportunity to retrieve his personal items "in [his] way." The Domestic Violence Act provides that, if a petitioner is granted exclusive possession of a residence as part of an order of protection, "the court may allow respondent access to the residence to remove items of clothing and personal adornment used exclusively by respondent, medications, and other items as the court directs." 750 ILCS 60/214(b)(3)(A) (West 2024). Such access "shall be exercised on only one occasion as the court directs." *Id.* Here, the record reflects that the circuit court allowed Piatek to collect his personal items from the residence on at least three occasions. Given that he was only entitled to one such order under the Domestic Violence Act, we see no error in the circuit court's refusal to grant Piatek any additional opportunities to collect personal items.

¶ 25   We note that Piatek's brief appears to raise additional arguments, such as that he is entitled to compensation from Dziadkowiec. However, he did not file any claim against Dziadkowiec for compensation in the circuit court and cannot raise a new theory for recovery for the first time on

appeal. *Biefeldt v. Wilson*, 2022 IL App (1st) 210336, ¶ 52. Piatek also requests that this court conduct a new hearing with new testimony. However, the function of this court is only to review the judgment of the circuit court for errors of law or fact. See Ill. Const. Art. VI, § 6; Ill. Sup. Ct. R. 366(b) (eff. Feb. 1, 1994). This court does not hold new hearings or take additional testimony. To the extent he raises other arguments, we find them to be forfeited. See *Progressive Universal Ins. Co. of Illinois v. Taylor*, 375 Ill. App. 3d 495, 501-02 (2007).

¶ 26 For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

¶ 27 Affirmed.